THE CHICAGO, WILMINGTON AND VERMILION COAL CO.

*v.*

THE CITY OF STREATOR.

*Opinion filed April 21, 1898.*

1. EMINENT DOMAIN—*improvement to be paid for by general taxation need not be particularly described.* A condemnation petition by a city to open a street for the construction of a bridge shows sufficient authority to condemn by reciting an ordinance for the condemnation of the right of way for such bridge to be paid for by general taxation, as an improvement to be thus paid for, need not be particularly described.

2. APPEALS AND ERRORS—*the law will not take notice of small matters.* On appeal by a lessee from a judgment awarding him nominal damages for his leasehold interest in lands owned by a city, which the city has condemned in order to open a street, where no complaint is made as to the damages allowed and the lessee's interest in the land has expired before the appellate tribunal passes upon the case, the maxim *de minimis non curat lex* will be applied and the judgment affirmed.

APPEAL from the County Court of LaSalle county; the Hon. H. W. JOHNSON, Judge, presiding.

REEVES & BOYS, HENRY FETZER, and McDOUGALL & CHAPMAN, for appellant:

A city council has no right to make a public improvement, to be paid for by special assessment or general taxation, without first passing an ordinance authorizing

such improvement and describing its character, locality, etc.    *Carlyle* v. *Clinton*, 140 Ill. 52; *Lindsey* v. *Chicago*, 115 id. 122; *Railway Co.* v. *Jacksonville*, 114 id. 562; *Adams County* v. *Quincy*, 170 id. 579.

Condemnation proceedings are governed by article 9 of the act for the incorporation of cities, villages and towns, section 2 of which provides, that "when any city or village shall by ordinance provide for the making of such local improvement, it shall by the same ordinance prescribe whether the same shall be made by special assessment or by special taxation of contiguous property, or general taxation, or both." *Hyde Park* v. *Thatcher*, 13 Ill. App. 613.

No street can be opened without an ordinance providing for the improvement.    *People* v. *Hyde Park*, 117 Ill. 469.

As to what is necessary to be set out in an ordinance for opening a street, see *Danville* v. *McAdams*, 153 Ill. 216.

The exercise of the power of eminent domain being against common right, it cannot be implied or inferred, but must be given in express terms or by necessary implication.    Lewis on Eminent Domain, 240.

Statutes conferring power to exercise the right of eminent domain are to be construed strictly. Unless both the letter and spirit of the statute relied upon clearly confer the claimed power it cannot be exercised. *Ligare* v. *Chicago*, 113 Ill. 46; *East St. Louis* v. *St. John*, 47 id. 463; *Railroad Co.* v. *Wiltse*, 116 id. 454; *Sholl* v. *German Coal Co.* 118 id. 427.

P. J. LUCEY, and BREWER & STRAWN, for appellee:

When an ordinance provides for the opening of a street, the improvement to be paid for out of the general funds, no further description of the nature and character of the improvement is required.    *Washington Ice Co.* v. *Chicago*, 147 Ill. 327.

No ordinance was necessary to provide for the building of the bridge, as a city can contract, within its pow-

ers, by resolution or by corporate acts, without either a vote or deed or writing. *New Athens* v. *Thomas*, 82 Ill. 259; *Shawneetown* v. *Baker*, 85 id. 563; *Alton* v. *Mulledy*, 21 id. 76; *Maher* v. *Chicago*, 38 id. 266.

A city may build or purchase, and maintain, bridges and approaches within the corporate limits or within five miles thereof. Hurd's Stat. 1897, chap. 24, sec. 194.

The Eminent Domain act expressly confers on cities the power to condemn property where the right to construct or maintain any public road or other public work is conferred. Hurd's Stat. 1897, chap. 47, sec. 2.

Mr. JUSTICE CARTER delivered the opinion of the court:

On November 29, 1897, the city of Streator filed in the county court of LaSalle county its petition, praying that just compensation be made for private property to be taken or damaged by opening Main street, from Water street, east of the Vermilion river, to First street, west of said river, for the purpose of building a bridge across the river and the valley adjoining. The land desired for a right of way for the bridge consisted of two pieces of land, each thirty-three feet wide. The one belonged to the appellant coal company in fee simple, was 10.92 rods in length, having the center of the Vermilion river for its western boundary, and contained $\frac{138}{1000}$ of an acre. The other belonged to the city of Streator in fee simple, was 83.48 rods in length and abutted on the first piece in the center of the river, but one Thomas Newell had a lease on said last named piece, expiring March 1, 1898, which lease had been assigned to one Fred W. Eades, both of whom were made parties. The defendants demurred to the petition, which demurrer was overruled, and they elected to abide by their demurrer. A trial was had before a jury, who fixed the coal company's damages at five dollars, and Newell's and Eades' damages at one dollar each. Judgment was entered on the verdict, and all the defendants have appealed.

No complaint is made as to the amount of the damages awarded by the jury, and as all the interest of Newell and Eades in any of the lands has now expired by efflux of time, it being a mere lease of land owned by the city in fee, and as the jury fixed their damages at only one dollar each, the maxim *de minimis non curat lex* may well be applied, so far as they are concerned. *McNutt* v. *Dickson*, 42 Ill. 499.

The coal company contends the petition was not sufficient, as no ordinance for the construction of the bridge was appended to it, the petition merely reciting the ordinance providing for the condemnation of the right of way for the bridge.    The ordinance provided that the cost of the improvement was to be paid for by general taxation. In such case, no further description of the nature and character of the improvement is required.    There are no costs to estimate and no assessments to levy. *Washington Ice Co.* v. *City of Chicago*, 147 Ill. 327.

It is further contended that the city had no power to condemn any lands not within the corporate limits. Without determining this question, or the further question whether it appears from this record that any lands sought to be condemned are without the city limits, it will be sufficient to observe that the lands claimed to be without the corporate limits of the city of Streator are not the lands of the coal company, but are the lands belonging to the city, and all that it sought to condemn was the value of the then unexpired, but now expired, leasehold interest of Newell and Eades therein.

Other errors have been assigned, but they are not of sufficient importance to reverse the judgment.

The judgment of the county court is affirmed.

*Judgment affirmed.*