MARY HEALY

*v.*

THE PROTECTION MUTUAL FIRE INSURANCE COMPANY.

*Opinion filed December 22, 1904.*

1. TENDER—*tender after suit begun must be kept good.* After suit is begun to foreclose a trust deed or mortgage which provides for a reasonable solicitor's fee, a tender, in order to be effective, should include the amount of the solicitor's fee earned up to the time of the tender, and must be kept good.

2. MORTGAGES—*amount of solicitor's fee may be included in decree and draw interest.* After the court has fixed the amount of the reasonable solicitor's fee for foreclosing a mortgage, the same may be included in the decree and interest allowed on the total amount from the date of the decree.

3. MASTERS IN CHANCERY—*master cannot arbitrarily fix his fees.* A master in chancery cannot arbitrarily fix his fees for services in a lump sum without indicating in any way the character or extent of the services for which compensation is claimed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

This was a bill in chancery filed by the appellee in the circuit court of Cook county to foreclose a trust deed in the nature of a mortgage given to secure a series of promissory notes, upon which there remained due as principal the sum of $5300. After the bill was filed the appellant called upon appellee to ascertain the amount then due upon said notes and trust deed, including interest and costs, and the appellee delivered to the appellant a statement showing the sum of $5696.27 to then be due thereon, which included a solicitor's fee of $150. The appellant thereupon tendered to the appellee the sum of $5596.27, or the amount then claimed to be due by appellee upon said notes and trust deed, together with court costs, the expense of the continuation of the abstract of

title and a solicitor's fee of $50, which amount the appellee declined to accept in satisfaction of said notes and trust deed. An answer and replication were then filed, and the case was referred to a master to take the proofs and report his conclusion. The master found the amount due upon the trust deed and notes, which included a solicitor's fee of $250, to be $5976.21, recommended that a decree be entered for that amount and that his fees as master be taxed at $125.20, and a decree having been entered in accordance with the recommendations of the master, an appeal was perfected to the Appellate Court for the First District by the defendant, where the decree was affirmed, and a further appeal has been prosecuted by her to this court.

VOCKE & HEALY, for appellant.

DANIEL F. FLANNERY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended by appellant that she is not liable for solicitor's fees under the provisions of said trust deed. The provisions of this trust deed with reference to solicitor's fees are, in substance, the same as the provisions of the trust deeds construed in *Cheltenham Improvement Co.* v. *Whitehead,* 128 Ill. 279, and *Fuller* v. *Brown,* 167 id. 293. It was held in each of those cases a solicitor's fee was properly included in the decree of foreclosure, and the rule there announced is conclusive of the right of the appellee to recover a reasonable solicitor's fee in this case.

It is next contended that the appellant having tendered the appellee $50 for its reasonable solicitor's fees, it was error to allow to appellee the amount recommended as a solicitor's fee by the master. The appellee suggests two reasons why this contention should not be sustained: First, that its solicitor had earned more than the amount tendered at the time the tender was made; and second, that the tender was

not kept good. As we are of the opinion the tender was not kept good, it will not be necessary to consider appellee's first proposition.

The tender was made on behalf of appellant by her husband, with his own funds. He afterwards placed them to his account in bank, and thereafter, by checking against the said amount, reduced it far below the amount of the tender. The rule in this State is, that when a tender is made after suit has been commenced to foreclose a trust deed or mortgage which provides for the payment of a reasonable solicitor's fee, to be effective the tender should include the amount of the solicitor's fee earned up to the time of the making of the tender, (*Fuller* v. *Brown, supra,*) and that the tender must be kept good. *Crain* v. *McGoon,* 86 Ill. 431; *Aulger* v. *Clay,* 109 id. 487.

It is further urged that a solicitor's fee of $250 is an unreasonable amount for the services performed in this case. Eleven practicing attorneys residing in the city of Chicago testified that the amount allowed as solicitor's fees by the court was a reasonable sum for the services performed by the solicitor of the appellee in this case. Their testimony was uncontradicted. The testimony of the attorneys called by the appellant having been confined to the value of the appellee's solicitor's service up to the time of making said tender, in view of the testimony and the fact that the chancellor is presumed to have taken into consideration, in fixing a reasonable solicitor's fee, his own knowledge as to what the services performed by the solicitor were reasonably worth, we do not feel justified in disturbing the amount fixed in this case. We are impressed, however, with the conviction the fee allowed was a large one for the services performed. In *Goodwillie* v. *Millimann,* 56 Ill. 523, on page 528 Mr. Justice WALKER, in commenting upon the duty of the trial judge in fixing the fees of solicitors in foreclosure and similar cases, said: "In taxing such fees the chancellor should exercise his own judgment, and not be wholly governed by the opinion of attor-

neys as to the value of the services. He has the requisite skill and knowledge to form some idea as to what is a fair and reasonable compensation, and he should exercise that judgment. He should, no doubt, consider the opinions·of witnesses and evidence of the sum usually charged and paid for such services, but should not be wholly controlled by the opinions of attorneys as to their value."

It is next urged that it was error to include the amount of the solicitor's fees in the decree and to then provide that the entire amount of the decree draw interest from the date of the decree. We see nothing wrong in this. The trust deed provided for the allowance of reasonable solicitor's fees. When the fee was fixed by the court and included in the decree it became merged in the decree with the balance of the debt, and the decree properly provided the amount found due the appellee should draw interest from its date.

It is finally urged as ground for reversal that the court erred in allowing a master's fee of $125.20. In *Schnadt* v. *Davis,* 185 Ill. 476, on page 487, the proper method in which masters in chancery should present to the court the amount of fees and charges asked to be allowed in their·favor was pointed out. It was there said: "The report in this case as to the fees and charges of the master is as follows: 'Master's fee this report, $50.' This mode of reporting fees and charges can be easily made a cover for illegal and oppressive exactions. An itemized statement of services rendered, and the fees allowed therefor by the statute, should be made, and if services are rendered for which the fees are not fixed by the statute but are left to be determined by the chancellor, the report should state such service and the action of the court in the matter of the master's compensation therefor, and also should show whether such costs had been paid, and if paid, by whom." The master in this case, in total disregard of the practice as there announced, endorsed upon his report, "Master's fee, $125.20," and the decree taxed that amount against appellant as costs. From the statement endorsed upon the

master's report we are unable to determine what services the master sought to have the court allow him compensation for. The solicitor of appellee, in defense of said charge, points out that the master charged $50 for writing up the testimony, and spent sixteen hours, at $5 per hour, in reaching a conclusion in the case, and for which he says, under the practice in vogue in Cook county, the master was entitled to $80, but that he had only charged therefor $75.20. The question submitted to the master involved the allowance of a solicitor's fee in a foreclosure case, which he finally fixed at $250. The appellant had offered to pay a solicitor's fee of $50, so that the matter in controversy was really only $200,— an amount within the jurisdiction of a justice of the peace. The statute does not contemplate that a master in chancery in counties of the third class shall for such a service arbitrarily fix the amount of $75.20, or any other amount, as his fees, and then hotch-potch it with other charges, so that the litigant who is called upon to pay it, or a court of review that is called upon to review the action of the lower court in allowing such charge, cannot tell for what service the litigant is asked to pay. In the *Schnadt-Davis case, supra,* it was said (p. 487) : "The master cannot arbitrarily fix upon an amount to be paid him as his compensation for examining questions of fact and reporting his conclusions, but before he is entitled to demand the parties, or either of them, shall compensate him in any sum for such services, it is his duty to have the court determine the amount he is justly entitled to receive for such services." The report of the master was not proper in form and his charges were excessive.

The judgment of the Appellate Court and the decree of the circuit court will be reversed and the case remanded to the circuit court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*