WILHELM C. FREESE, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. PRACTICE—*defective order of reference to the master should be objected to in trial court.* An order of reference to the master which is defective in omitting the words "be referred" should be objected to in the trial court, and if no such objection is made and the parties treat the order as valid it cannot be questioned in a court of review.

2. APPEALS AND ERRORS—*error in allowing stenographer's fees to master in chancery may be waived.* Error in allowing to the master in chancery stenographer's fees for writing testimony may be waived by a failure to properly assign such error on the record.

3. SAME—*when maxim de minimis non curat lex applies.* An error of $1.28 in figuring the amount of taxes, interest and costs to be paid to the defendant upon the setting aside of his tax deeds, which amount is fixed by the decree at $479.46, should be disregarded under the maxim *de minimis non curat lex.*

4. JUDGMENTS AND DECREES—*a decree setting aside tax deeds need not use identical words of description used in the bill.* A decree setting aside tax deeds need not use the identical words employed in the bill in describing such deeds, if it is clear, from a consideration of the bill and the decree, that the deeds set aside were, in fact, the ones described in the bill.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

HARRY C. LEVINSON, and ENOCH J. PRICE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellee, Wilhelm C. Freese, in the circuit court of Cook county, against Jacob Glos, Emma J. Glos, August A. Timke, trustee, and unknown owners, to cancel as clouds upon his title to lot 3 in Garfield Boulevard Syndicate addition, (a subdivision of lot 1, block 7, circuit court partition of the west half of the south-west quarter of section 14, township 39, north, range 13, east of the third principal meridian, in Cook county, Illinois,) two tax deeds issued to Jacob Glos by the county clerk of Cook county. Answers and replications were filed and the case was referred to a master to take the proofs and report his conclusions. The master took the proofs and filed a report, in which he found said tax deeds were void and recommended that they be canceled and set aside as clouds upon the appellee's title, and the court having overruled exceptions to said report, entered a decree in accordance with the recommendations of the master. Jacob Glos, Emma J. Glos and August A. Timke, trustee, have prosecuted an appeal to this court.

The first contention of the appellants is, that there was no order of reference entered in the cause which authorized the master to take the proofs and report his conclusions, and that the decree, for want of such order, is void and should be reversed. The record shows that on May 5, 1909, the cause was referred to Roswell B. Mason, one of the masters in chancery of the circuit court of Cook county, to take the proofs and report to the court his conclusions

of law and fact, and that on June 29, 1909, on motion of complainant's solicitor, the order of reference entered on the 5th of May was set aside and the unknown owners of said lot 3 were defaulted, and it was "further ordered that the above entitled cause to Roswell B. Mason, master in chancery of this court." It also appears that Emma J. Glos and August A. Timke appeared, by their solicitors, before the master in chancery during the taking of the evidence; that Jacob Glos was served with summons and entered his appearance *pro se,* but the master's report is silent as to whether or not Jacob Glos appeared before the master by his solicitor or in person during the taking of the testimony. It appears, however, from the objections filed by Jacob Glos with the master and renewed as exceptions in the circuit court, "comes now the defendant Jacob Glos and objects to said report for the following reasons: (1) Because the master, upon the hearing before him, received in evidence, over the objections of defendant, the document described in the evidence as the complainant's exhibit 1, and over-ruled the objections of this defendant thereto and considered the same in making up his report and based his report, in part, thereon," and said objection is repeated by Jacob Glos in the same form as to exhibits 2, 3, 4, 5 and 6. The words "be referred" were omitted from the order of July 29, and the order in that particular was defective. If, however, the parties treated the order as a valid order of reference, as they appear to have done, and appeared before the master and participated in the hearing before the master and made no objection as to the order of reference before the master or in the court below, it is too late for them to raise the question that the order of reference was insufficient after the case has reached this court on appeal. In *Preston* v. *Hodgen,* 50 Ill. 56, it was held that when it appears from a decree that the court acted upon a master's report, it will be inferred that an order of reference has been made although no such order appears in the record;

and in *Hawley* v. *Simons,* 157 Ill. 218, that if a party appears and participates in the taking of evidence before a master without objection, he cannot question the authority of the master to act although no order referring the case to the master had been entered.   We are of the opinion the trial court properly acted upon the master's report as against the appellants, although the order of reference was imperfect in form.

It is next contended that the court erred in allowing the master in chancery $13.05 for stenographer's fees for writing up the testimony in the case taken before him.   Attached to the master's report was the following itemized statement of his fees and disbursements:

"MASTER'S FEES AND EXPENSES.

| | |
|---|---|
| For taking and certifying 35 pages of testimony, 250 words per page, at 15c per 100 words....................... | $13 05 |
| For considering written suggestions filed by counsel, examining authorities and considering questions of law and fact, 3 hours at $5 per hour.....:............. | 15 00 |
| For preparing report................................... | 10 00 |
| For preparing and serving notice...................... | 2 00 |
| | $40 05 |
| Stenographer's charges—35 pages of testimony, 250 words per page, at 15c per 100 words....................:..... | 13 05 |
| Total............. ..............:.... ............. | $53 10 |

·"I have deducted $10 from the above charges, making a total master's fees and expenses, $43.10.

ROSWELL B. MASON, *Master."*

The court made the following finding and order as to the master's fees:   "That the master's fees for his services herein be and the same are hereby fixed at the sum of $43.10, all of which has accrued since said fund was deposited in court, and which sum the court finds has been paid by said complainant and should be re-paid to him by said defendants; and it is accordingly ordered and decreed that the complainant recover of the defendants said sum of

$43.10 costs paid by him, and that he have execution for said sum against said defendants."

The statement of the amount claimed by the master for his fees and disbursements, which included the stenographer's fees, was signed by the master and was attached to his report. The appellants in no way challenged the correctness of that statement in the court below, and this court ought not to reverse the case upon a question which was not brought to the attention of the trial court. Neither have the appellants assigned as error in this court the allowance of said stenographer's fees. Assignment No. 28,— the one relied upon by appellants,—is that the court erred in "decreeing that the complainant recover of defendants herein the sum of $43.10 as and for costs." It would seem that when counsel for appellants has filed an assignment of error for each of the three appellants, which, in the aggregate, covered sixteen pages of the record, if he desired to assign as error that the trial court erred in allowing the master stenographer's fees he should have specifically pointed out such error by an assignment which clearly covered that point, and ought not to rely upon the blanket assignment that the court erred in decreeing that the complainant recover of the defendants $43.10 as costs. It is well settled that though the record contains error, the same may be waived by a failure to properly assign such error upon the record. *Cochran* v. *Village of Park Ridge*, 138 Ill. 295; *McCaleb* v. *Coon Run Drainage District*, 190 id. 549.

It is further contended that the amount fixed by the decree which the appellee should pay to the appellants as taxes, interest and costs, viz, $479.46, is $1.28 less than the amount due them, and that for a failure to fix the amount due the appellants for taxes, interest and costs at $480.74 the decree should be reversed. The matter here in difference is so small, being only $1.28, conceding the figures of appellants to be correct, the maxim *de minimis non curat lex*

should be applied, (*Chicago, Wilmington and Vermilion Coal Co.* v. *City of Streator,* 172 Ill. 435; *McNutt* v. *Dickson,* 42 id. 499;) and the error disregarded.

It is finally contended that the tax deeds canceled by the decree are not the tax deeds described in the bill. While the identical words used in the bill describing the deeds sought to be canceled are not used in the decree, an examination of the bill and the decree leaves no doubt that the decree follows the averments of the bill and that relief has not been granted by the decree which was not prayed for in the bill.

Finding no reversible error in this record the decree of the circuit court will be affirmed.          *Decree affirmed.*