George W. Bennett et al., Plaintiffs in Error, v. Benton State Bank, Defendant in Error.

Original opinion filed June 20, 1928.  Modified opinion filed July 21, 1928.

R. SHAD BENNETT, for plaintiffs in error.

HART & HART, for defendant in error.

Mr. Justice Newhall delivered the opinion of the court.

The Benton State Bank, as complainant in the court below (defendant in error), filed its bill to foreclose a mortgage executed by the plaintiffs in error, George W. Bennett and Frances L. Bennett, to secure their note for $8,000. The bill alleged that the note and mortgage were originally made to the John Hancock Mutual Life Insurance Company; that the same had been assigned to the bank and were due and unpaid; that R. Shad Bennett claimed some interest in the premises, and copies of the note and mortgage were attached to the bill. All defendants to the bill filed a joint answer admitting the execution of the note, mortgage, and extension agreement between the original parties, but denied that the note and mortgage were due or had been lawfully assigned to the bank.

Replication to the answers of all defendants, except R. Shad Bennett, was filed by the complainant bank.

On December 13, 1926, the cause came on for final hearing, the respective parties being represented by counsel, and the court entered a decree after hearing the evidence and argument of counsel, in which decree the court found that the allegations of the bill of complaint were true; that the court had jurisdiction of the subject matter and parties to the cause; that there was then due from the defendants, George W. Bennett and Frances L. Bennett, for principal and interest on said note and mortgage the sum of $8,960.36, and the further sum of $516 for a reasonable solicitor's fee for the complainant, which, by the terms of the mortgage, was a part of the mortgage debt; that the defendants, George W. Bennett and Frances L. Bennett, were decreed to pay to the complainant bank said sums so found due, with interest, within 30 days, and that, in default of payment, the property mortgaged was directed to be sold by the master at public sale, upon giving public notice by publication in a public news-

paper in said county, once a week for three successive weeks; that the master was directed, after such sale, to issue a certificate of purchase, which should be subject to redemption according to law.

The record shows the issuance of a master's certificate pursuant to a sale held by him under the terms of the decree, whereby the complainant bank became the purchaser for the sum of $9,800; that the sale so made was approved by the court, without objection, and the master reported that he had made the sale according to law and the terms of the decree.

The evidence heard by the court was not preserved by certificate, and the plaintiffs in error seek a reversal of the decree on the grounds that the findings contained in the decree are insufficient to support the decree.

Counsel for plaintiffs in error contends that the decree affirmatively shows that the original note and mortgage were never produced in evidence, and that the relief granted by the decree includes sums which the record shows were represented by interest notes, which were not produced in evidence or attached by exhibit to the pleadings. The decree recites that the court heard the "evidence," and there is no affirmative finding as to the kind of evidence heard, whether oral or documentary, and this finding would not warrant the presumption of counsel that the note and mortgage were not produced and read to the court, or that only oral evidence was heard.

The answer of the defendants admitted the execution of the note, mortgage, and extension agreement mentioned in complainant's bill, and, therefore, it was unnecessary to prove the same. (See *Macaulay v. Jones,* 295 Ill. 614, 616.)

The delivery of the note and mortgage was an essential part of their execution, and the admission in the answer of their execution was necessarily an admission that they were delivered. (*Hunt v. Weir,* 29 Ill. 83; *Bailey v. Valley Nat. Bank,* 127 Ill. 332.)

It clearly appears from the decree that the court found the ultimate facts which justified the relief granted. The decree need not recite merely evidentiary facts tending merely to sustain the ultimate conclusion of fact upon which the decree is found. The final conclusion reached by the court as an inference of fact drawn from all the circumstances is a fact within the meaning of the rule requiring the facts sustaining a decree to appear of record. *(Koch v. Arnold,* 242 Ill. 208.)

The bill avers that the $8,000 note, with interest thereon from date, remains due and unpaid to defendant in error, although the same has long since become due. It also avers that the note and mortgage were assigned to the complainant. The decree finds that the principal and interest due on the note and mortgage is $8,960.36 and the further sum of $516 for a reasonable solicitor's fee and that the aggregate amount due the defendant in error from the Bennetts is $9,476.36. The court could not make such a finding in the absence of proof that the note had been assigned and that the bank was entitled to the unpaid interest. We would not be warranted in assuming that the court made such a finding without there was evidence to support it. In a foreclosure suit it is not essential that the bill should set out the note and mortgage *in haec verba* or that copies be attached to the bill provided the instrument's are identified by proper description and referred to in apt words. *(Jocelyn v. White,* 201 Ill. 16.)

It is further urged by counsel that the court erroneously included solicitor's fees as part of the mortgage indebtedness in the decree. The mortgage provided for a reasonable solicitor's fee in the event of foreclosure, and the decree found a certain sum as a reasonable fee, which by the terms of the mortgage became a part of the mortgage debt. The allegations of the bill in connection with the mortgage attached

thereto as an exhibit, in our opinion, were sufficiently broad enough to warrant the allowance of reasonable solicitor's fees as part of the debt. (See *Healy v. Protection Mut. Fire Ins. Co.,* 213 Ill. 99; *Roby v. Chicago Title & Trust Co.,* 194 Ill. 228, 232.)

Where the findings of fact recited in the decree are not contradicted by the evidence in the record, they are conclusive upon a court of review. *(Allen v. Henn,* 197 Ill. 486.)

A party dissatisfied with the findings of fact upon which the decree is based must bring the testimony before this court that will show that such facts were erroneously found, otherwise this court will presume the evidence warranted the findings of fact as recited in the decree. *(Groenendyke v. Coffeen,* 109 Ill. 325; *Allen v. Henn,* 197 Ill. 486.)

It is also claimed by counsel that the notice of sale prescribed by the decree to be published once a week for three successive weeks was insufficient.

In *Crosby v. Kiest,* 135 Ill. 458, 462, it was held that where a court of chancery decrees the sale of land, it may, under its general chancery powers, prescribe such notice as may be reasonable, and that a publication once a week for three successive weeks was sufficient. A like sale was approved in *Springer v. Law,* 185 Ill. 542.

We have considered the other contentions made by counsel as to the sufficiency of the decree sought to be reversed, and are of the opinion that they are insufficient to warrant a reversal.

For the reasons above stated, the decree of the court below is affirmed.

*Affirmed.*