(No. 22474.—

ABRAHAM OSWIANZA, Defendant in Error, *vs.* WENGLER & MANDELL, INC., Plaintiff in Error.

*Opinion filed October 24, 1934—Rehearing denied Dec. 11, 1934.*

ORR and HERRICK, JJ., dissenting.

WINSTON, STRAWN & SHAW, (JOHN D. BLACK, THOMAS I. UNDERWOOD, and DOUGLAS C. MOIR, of counsel,) for plaintiff in error.

WILLIAM FELDMAN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error brought suit in the municipal court of Chicago to recover the principal and interest due on four matured bonds of $500 each, with interest coupons attached thereto in the amount of $15 each, which had been issued by plaintiff in error and secured by a trust deed. The cause was tried before the court on a stipulation of fact and judgment was entered against plaintiff in error for $2090. The Appellate Court affirmed the judgment, and this court granted a petition for writ of *certiorari*.

The stipulation concedes defendant in error's title to the bonds, the amount of the bonds and interest, and that the bonds contain on their face the following language: "Said trust deed and this bond, as well as all the other bonds aforesaid, are to be taken and considered together as parts of one and the same contract. * * * Both principal and interest bear interest after maturity thereof

at the rate of seven per cent (7%) per annum and are payable in the manner described in the trust deed. * * * For a description of the mortgaged property and the nature and extent of the security reference is made to said trust deed, to all of the provisions of which this bond and each coupon hereto attached are subject, with the same effect as if said trust deed were herein fully set forth."

The trust deed under which the bonds were issued contains the following provision, as section 6 of article 8 thereof: "Every holder of any of the bonds hereby secured (including pledgees) accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity, upon or under this indenture, is vested exclusively in the trustee, and under no circumstances shall the holder of any bond or coupon, or any number or combination of such holders, have any right to institute any action at law upon any bond or bonds or any coupon or coupons or otherwise, or any suit or proceeding in equity or otherwise, except in case of refusal on the part of the trustee to perform any duty imposed upon it by this indenture after request in writing by the holder or holders of at least twenty-five per cent (25%), in amount, of said bonds as aforesaid, and such refusal of the trustee shall continue for sixty (60) days after such demand as aforesaid. No action at law or in equity shall be brought by or on behalf of the holder or holders of any bonds or coupons, whether or not the same be past due, except by the trustee or by the requisite number of bondholders acting in concert under the provisions of this section for the benefit of all bondholders. In the event that pursuant to the terms hereof holders of at least twenty-five per cent (25%) or more, in amount, of said bonds shall have joined in exercising the right to act in lieu of the trustee, then none of the remaining bondholders shall have any right to institute any legal proceedings of the same or a similar character for the same default of the mort-

gagor." These bonds are part of an issue of $125,000 six per cent first mortgage gold bonds secured by certain buildings of Wengler & Mandell, Inc.

The sole question in the case is whether the defendant in error has a right to sue at law for the recovery of the amount of these bonds or is relegated to the provisions of the so-called "no-action clause" appearing in the trust deed. It is conceded that in the absence of provisions of the trust deed the holder of a note or bond secured by a mortgage may waive the right to apply to the security and sue at law in a personal action, and so the question here is whether the no-action feature of the trust deed is to be read into the bonds. Plaintiff in error contends that this must be their construction. Defendant in error, on the other hand, argues that the bonds are negotiable and that the provision in the trust deed vesting in the trustee exclusive right, with limitations, to sue, refers solely to the institution of foreclosure proceedings on the security and does not affect the right of the owner of the bonds to sue thereon in an action at law by waiving the security of the trust deed. Plaintiff in error replies that the question whether the bonds are negotiable is of no consequence, for the reason that though they be conceded to be negotiable, yet the maker of a negotiable instrument may limit the right to sue thereon.

There is substantial authority for the position that the right to sue is an essential ingredient of negotiability. (*Shaw* v. *Merchants Nat. Bank of St. Louis,* 101 U. S. 557, 25 L. ed. 892.) It does not follow, however, that all notes or bonds on which a right to sue exists are negotiable instruments, and so negotiability is not a primary factor in determining whether a right to sue at law exists here. Nor are we impressed with the argument that these bonds have matured and are no longer negotiable, and that the rule regarding the right to sue, as an essential element of a negotiable instrument, does not apply. Such begs the

question, since the right to sue on any negotiable instrument does not accrue before the instrument becomes due.

Regardless of the negotiability of these bonds, the first question here is whether the bonds by their terms·are subject to the provisions of the trust deed affecting the right to sue. It is·not to be doubted that the quoted provision of the trust deed limited the right of the bondholder to sue, and if such provision may be said to have been incorporated by reference into the bond, defendant in error has no right to sue thereon.

It is argued that the bond and trust deed having been made at the same time and as a part of the same transaction, the universal rule of the construction of contracts requires that they be read and construed as constituting a single instrument. Counsel's statement of the general rule is correct. (*Crandall* v. *Sorg,* 198 Ill. 48; *Wilson* v. *Roots,* 119 id. 379.) There is, however, a well recognized exception in cases of mortgages and notes. If all the agreements contained in the mortgage be, as a matter of law, imported into the note, the well recognized rule that a note negotiable on its face retains its negotiable character notwithstanding it is secured by a mortgage upon real estate could not obtain, for it is generally true that a negotiable instrument cannot be bound up and fettered with collateral agreements. The note or bond is a distinct promise to pay money. The pledge of real estate to secure that promise is a different and distinct agreement, which ordinarily in nowise affects the promise to pay but gives a further remedy for failure to carry out that promise. A holder of a note may discard the mortgage entirely and sue on his note. (*Sturgis Nat. Bank* v. *Harris Trust and Savings Bank,* 351 Ill. 465; *Page* v. *Ford,* 65 Ore. 450; *Thorpe* v. *Mindeman,* 123 Wis. 149.) It follows that if there be read into the bonds in this case the no-action provisions of the trust deed it must be by an appropriate reference found in the bond. The mere statement that the trust deed and bond

are to be considered as parts of one and the same contract states merely the fact, commonly known, that a bond, and the mortgage or trust deed securing it, are parts of the same transaction. The rule which plaintiff in error would invoke as to the necessity for reading all terms of one contract into another made at the same time and as a part of the same transaction does not apply to cases of this kind. *Sturgis Nat. Bank* v. *Harris Trust and Savings Bank, supra,* and cases there cited.

This case resolves itself into the question whether there is in the bond language which may reasonably be said to incorporate therein, by reference, the no-action clause of the trust deed. The only provision of the bond, other than the one just discussed, from which it might be argued that such inclusion by reference results, is as follows: "For a description of the mortgaged property and the nature and extent of the security reference is made to said trust deed, to all of the provisions of which this bond and each coupon hereto attached are subject, to the same effect as if said trust deed were herein fully set forth." This language is applicable only to the description of the mortgaged property and the nature and extent of the security. A purchaser of the bond has his attention drawn to the trust deed for the provisions, in detail, concerning those matters. True, if he would seek to enforce the trust deed he is bound to follow and is limited by its provisions, but it does not follow that when he waives the security and sues by virtue of his common law right there is notice to him that his bond, by reference to the trust deed or otherwise, denies him that right. The language here quoted refers to the rights conferred upon the bondholders in case they look to the security for the payment of the bonds. The language is so phrased and arranged as to strongly indicate that the obligor was speaking solely of the security. The purchaser of these bonds would not be impressed with any other thought. It would not occur to him, from this

language, that in case the bonds were defaulted on maturity, as is true here, he might be unable to collect because of some provision in the trust deed limiting his power to sue at law. Enforcement against the security and a suit at law are matters of radically different import, and to destroy the right to sue at law, a provision of such character in the trust deed must be included in the bond, expressly or by clear reference thereto. *Sturgis Nat. Bank* v. *Harris Trust and Savings Bank, supra; Enoch* v. *Brandon,* 249 N. Y. 213, 164 N. E. 45.

Counsel for plaintiff in error argue that it is contrary to public policy to nullify the restrictive language of the trust deed and thereby encourage a multiplicity of suits. The questions arising in this case are primarily questions of contract. The importance of bonds of this character as commercial paper requires that limitation on the right to sue, appearing in another instrument, be so clearly referred to in the bond that the purchaser of the bond will not be deceived but will be notified that he is to look further to know his rights as a bondholder. If a principle of public policy be invoked, it is quite important that in the traffic of bonds the prospective purchaser thereof know from the bond what search of the trust deed or mortgage is necessary in order to learn his rights.

Counsel have cited in support of their contention that defendant in error has no right to bring a personal action in this case, *Lidgerwood* v. *Hale & Kilburne,* 47 Fed. (2d) 318, wherein it was held that restrictive language of an agreement was for all purposes incorporated by reference into the note sued on. In that case the note contained a clause stating that the noteholder was entitled to the benefits and subject to all the provisions of an agreement, to which reference was made for a description of the rights of the holders and owners of the notes under the same, the terms and conditions upon which the notes were issued, received and held, to all of the provisions whereof the

owner or holder of the note assented. The agreement contained a limitation on the right to sue, and it was rightly held that the entire agreement was by appropriate reference incorporated into the note. In that case it was said: "This is not a case where the reference to an indenture was such as to lead the holder to believe that the indenture simply added more rights to what he had on the face of the note without in any way hinting that there might be something in the indenture to his detriment."

In *Crosthwaite* v. *Moline Plow Co.* 298 Fed. 466, cited by plaintiff in error, the question was, as here, whether the owner of the notes took them subject to the terms of an agreement entered into when they were issued. In that case the plaintiff was the owner of certain gold notes of the Moline Plow Company, payable to bearer. They had matured but were not paid, and suit was brought thereon. The notes contained a provision referring to the trust agreement for a description of the terms under which the notes were issued and the rights and obligations of the company and the trustee with respect thereto, and there was, in addition, the certificate of the trustee on each note that it was one of the notes described within the mentioned agreement. This was a clear warning to the prospective purchaser that before he buys he should look to the trust agreement to learn the terms on which the notes were issued and the rights and obligations arising thereon.

Counsel for plaintiff in error also cite *Oster* v. *Building Development Co.* 252 N. W. (Wis.) 168. In that case the bonds contained the provision: "For a description of the mortgaged property, the nature and extent of the security, and the terms and conditions under which this bond is issued, secured and held, reference is made to said trust deed, to all the provisions of which this bond and each coupon thereon are subject, with the same effect as if the same were herein fully set forth." It was there held that this language was sufficient to incorporate, by reference,

limitations on the right of individual bondholders to bring an action to recover.

It will be seen that the language in the notes or bonds in the cases cited was such as to clearly bring within the terms of such instruments the provisions of the trust deed or agreement affecting or limiting the right to sue. The bonds before us do not contain such extended words of reference, and though it be argued that it is for the benefit of all bondholders that a multiplicity of suits be avoided, yet if the common law rights of the holder are to be limited it must be done by appropriate reference in the bond to the provisions of the trust deed or mortgage, that he may have warning that his right to sue in case of default is limited by something not appearing in the bond itself. Here the reference is limited to the description, nature and extent of the security. The language subjecting the bond to "all of the provisions" of the trust deed must be held to relate to the provisions concerning the security and the rights of bondholders thereunder. The description of the property and the security constitute the subject matter of the clause, and to hold that a provision of the trust deed limiting the right to sue at law was thus included by reference is to bind the bondholder by stipulation of the trust deed, of which the bond gave him no warning or notice.

Regardless of the question whether these bonds are negotiable, the issue is resolved into the simple proposition whether there is in the bond, language which fairly includes by reference the no-action clause of the trust deed. We are of the opinion there is not.

It follows that defendant in error has a right to bring a personal action to recover on these bonds, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

ORR and HERRICK, JJ., dissenting.