Continental National Bank and Trust Company of Chicago v. Chicago Builders Building Corporation et al.

Melvin L. Straus v. Chicago Builders Building Corporation et al.

American National Bank and Trust Company of Chicago, Appellee, v. Harriette Elliott, Appellant.

Gen. No. 37,925.

Opinion filed December 27, 1935.

COHON & GOLDSTEIN and J. KENTNER ELLIOTT, all of Chicago, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, of Chicago, for appellee; ISAAC E. FERGUSON, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the respondent, Harriette Elliott, from a decree entered in the circuit court of Cook county, directing that a permanent injunction issue restraining her from proceeding in an action pending in the municipal court of Chicago, wherein the respondent is plaintiff and the Chicago Builders Building Corporation is defendant, which decree was entered upon the petition of the American National Bank and Trust Company of Chicago, as trustee.

From the petition it appears that the petitioner has been successor trustee since January 14, 1932, under the first mortgage trust deed dated June 28, 1926, under which trust deed a decree of foreclosure was entered in the cause in which the instant petition was filed, entitled Continental National Bank and Trust Company of Chicago, as trustee, v. Chicago Builders Building Corporation, et al.; that under the decree of foreclosure the court found that the amount of indebtedness $5,000,000 due thereunder on the bonds secured thereby had, on March 30, 1932, been declared by the petitioner, as trustee, to be due; that thereafter no sale was had pursuant to such decree. In the suit entitled Harriette Elliott v. Chicago Builders Building Corporation, which suit is still pending in the municipal court of Chicago as case number 2770097, the plaintiff claims to be the owner of and asks judgment on bond No. 6919 for the sum of $1,000, executed by the Chicago Builders Building Corporation, being one of the bonds secured by the trust deed; that the cause then pending in the municipal court was set for trial on June 8, 1934, and petitioner fears judgment will be

entered at that time. That the bond in question contains the following language:

"For a more particular description of the covenants of the Mortgagor as well as for a description of the mortgaged property, the nature and extent of the security, the rights of the holder of this bond, the terms and conditions upon which the bonds are issued and secured and the method of payment thereof, reference is made to such Indenture, to all provisions of which this bond and each coupon hereto attached are subject, with the same effect as if the same were herein fully set forth. . . . Said Indenture and this bond as well as all of the other bonds aforesaid are to be taken and considered together as parts of one and the same contract."

The trust deed provides in part as follows:

"No action at law or suit in equity shall be brought by, or on behalf of, the holder or holders of any bonds or coupons, whether or not the same be past due, except by the Trustees or by the requisite number of bondholders acting in concert under the provisions of this Section for the benefit of all bondholders. In the event that pursuant to the terms hereof the holders of Twenty-five per cent (25%) in principal amount or more of the bonds then outstanding, shall have joined in exercising the right to act in lieu of the Trustees, the remainder of the bondholders shall have no right to institute any legal or equitable proceedings of the same in a similar character for the same default of the Mortgagor."

The petitioning trustee further states that Harriette Elliott has not complied with the provisions of such trust deed in bringing her suit at law; that her bond is less than 25 per cent of the total outstanding bonds; that the bond matures May 28, 1941; that Harriette Elliott sued for the principal amount thereof, relying on petitioner's having accelerated the maturity of all

such bonds; that this action is based on petitioner's rights in such trust deed, and that she should not be permitted to use such trust deed to her advantage and disregard its provisions when deemed to her disadvantage.

It appears by reason of the above, petitioner fears Harriette Elliott will obtain a preference or priority over other bondholders; that petitioner is in possession of the mortgaged property and is collecting the rents and profits thereof, but fears that if the plaintiff obtains a judgment she will endeavor to interfere with petitioner in the collection of rents, and will prevent petitioner from complying with the decree heretofore entered; that petitioner has no remedy at law to prevent her from violating and disregarding the provisions of said trust deed; that by reason of the threatened action of Harriette Elliott the petitioner and those bondholders represented by it are threatened with irreparable damage and are without remedy except in equity, and the petitioner prays for a temporary, as well as a permanent injunction restraining Harriette Elliott from prosecuting or attempting to prosecute her action.

To this petition the respondent filed her written motion to strike the petition on the ground that she never was a party to the proceeding, and that the suit sought to be enjoined is an action *in personam* to which petitioner is not and never has been a party. The court denied the motion of the respondent to strike the petition, and entered the order for the issuance of a permanent injunction, from which the respondent brings this matter to this court on appeal.

The petitioner in this case contends that regardless of the effect, as between respondent and the debtor corporation, of the provisions of the bond and trust deed respecting actions on the bonds and trust deed, said provisions clearly and emphatically manifest an

intention and design to prevent interference by one bondholder with the action taken or to be taken by the trustee on behalf of all the bondholders.

The general rule of law is that the trust deed and the defendant's bond, as well as all the other bonds secured by the trust deed, are to be taken and considered in determining whether defendant has a right to sue. This question has been passed upon by the Supreme Court in the case of *Oswianza v. Wengler & Mandell*, 358 Ill. 302, to which our attention has been called. The court said:

"The sole question in the case is whether the defendant in error has a right to sue at law for the recovery of the amount of these bonds or is relegated to the provisions of the so-called 'no-action clause' appearing in the trust deed. It is conceded that in the absence of provisions of the trust deed the holder of a note or bond secured by a mortgage may waive the right to apply to the security and sue at law in a personal action, and so the question here is whether the no-action feature of the trust deed is to be read into the bonds. . . .

"There is substantial authority for the position that the right to sue is an essential ingredient of negotiability. (*Shaw v. Merchants Nat. Bank of St. Louis*, 101 U. S. 557, 25 L. Ed. 892.) It does not follow, however, that all notes or bonds on which a right to sue exists are negotiable instruments, and so negotiability is not a primary factor in determining whether a right to sue at law exists here. Nor are we impressed with the argument that these bonds have matured and are no longer negotiable, and that the rule regarding the right to sue, as an essential element of a negotiable instrument, does not apply. Such begs the question, since the right to sue on any negotiable instrument does not accrue before the instrument becomes due.

"Regardless of the negotiability of these bonds, the first question here is whether the bonds by their terms are subject to the provisions of the trust deed affecting the right to sue. It is not to be doubted that the quoted provision of the trust deed limited the right of the bondholders to sue, and if such provision may be said to have been incorporated by reference into the bond, defendant in error has no right to sue thereon.

"It is argued that the bond and trust deed having been made at the same time and as a part of the same transaction, the universal rule of the construction of contracts requires that they be read and construed as constituting a single instrument. Counsel's statement of the general rule is correct. (*Crandall v. Sorg,* 198 Ill. 48; *Wilson v. Roots,* 119 id. 379.) There is, however, a well recognized exception in cases of mortgages and notes. If all the agreements contained in the mortgage be, as a matter of law, imported into the note, the well recognized rule that a note negotiable on its face retains its negotiable character notwithstanding it is secured by a mortgage upon real estate could not obtain, for it is generally true that a negotiable instrument cannot be bound up and fettered with collateral agreements. The note or bond is a distinct promise to pay money. The pledge of real estate to secure that promise is a different and distinct agreement, which ordinarily in nowise affects the promise to pay but gives a further remedy for failure to carry out that promise. A holder of a note may discard the mortgage entirely and sue on his note. (*Sturgis Nat. Bank v. Harris Trust and Savings Bank,* 351 Ill. 465; *Page v. Ford,* 65 Ore. 450; *Thorpe v. Mindeman,* 123 Wis. 149.) It follows that if there be read into the bonds in this case the no-action provisions of the trust deed it must be by an appropriate reference found in the bond. The mere statement that the trust deed and bond are to be considered as parts of one and the same

contract states merely the fact, commonly known, that a bond, and the mortgage or trust deed securing it, are parts of the same transaction. The rule which plaintiff in error would invoke as to the necessity for reading all terms of one contract into another made at the same time and as a part of the same transaction does not apply to cases of this kind. *Sturgis Nat. Bank v. Harris Trust and Savings Bank, supra,* and cases there cited.

"This case resolves itself into the question whether there is in. the bond language which may reasonably be said to incorporate therein, by reference, the no-action clause of the trust deed. The only provision of the bond, other than the one just discussed, from which it might be argued that such inclusion by reference results, is as follows: 'For a description of the mortgaged property and the nature and extent of the security reference is made to said trust deed, to all of the provisions of which this bond and each coupon hereto attached are subject, to the same effect as if said trust deed were herein fully set forth.' This language is applicable only to the description of the mortgaged property and the nature and extent of the security. A purchaser of the bond has his attention drawn to the trust deed for the provisions, in detail, concerning those matters. True, if he would seek to enforce the trust deed he is bound to follow and is limited by its provisions, but it does not follow that when he waives the security and sues by virtue of his common law right there is notice to him that his bond, by reference to the trust deed or otherwise, denies him that right. The language here quoted refers to the rights conferred upon the bondholders in case they look to the security for the payment of the bonds. The language is so phrased and arranged as to strongly indicate, that the obligor was speaking solely of the security. The purchaser of these bonds would not be impressed with any other thought. It would not occur to him,

from this language, that in case the bonds were defaulted on maturity, as is true here, he might be unable to collect because of some provision in the trust deed limiting his power to sue at law. Enforcement against the security and a suit at law are matters of radically different import, and to destroy the right to sue at law, a provision of such character in the trust deed must be included in the bond, expressly or by clear reference thereto. *Sturgis Nat. Bank v. Harris Trust and Savings Bank, supra; Enoch v. Brandon,* 249 N. Y. 213, 164 N. E. 45.''

The bond in question does not provide that the plaintiff cannot maintain an action on the bond secured by the trust deed. The promise to pay is distinct from the pledge of the real estate as a further security for the amount due under the terms of the bond. The plaintiff as a holder may disregard the security of the trust deed and maintain an action on the bond. *Oswianza v. Wengler & Mandell, supra.* If a judgment be entered in the municipal court for the plaintiff in that action, the bond will be merged in the judgment and will be subject to the lien of the trust deed securing all of the bonds. This judgment will be subordinate to the lien, and does not create a preference that will inure to the plaintiff in her action over the other bonds secured by the trust deed. The contract providing for the bond and trust deed executed by the maker is the contract that is to be considered by this court, and it is not for this court by construction to add or subtract from the written document in order to prevent the plaintiff from maintaining her action on the bond in question. There is nothing in the bond which would indicate that such action is prohibited.

The Supreme Court in the case of *Oswianza v. Wengler & Mandell,* 358 Ill. 302, above cited, is conclusive upon this very question. The fact that a judgment is entered will not as a general rule change the form of the debt so as to satisfy a mortgage given to

secure it, unless it is intended to so operate. The Supreme Court in *Flower v. Elwood,* 66 Ill. 438, upon this question said:

"As a general rule, the mere change in the form of the debt does not satisfy a mortgage given to secure it, unless it is intended to so operate. The lien of the debt attaches to the mortgaged property, and the lien can, as between the parties, only be destroyed by the payment or discharge of the debt, or by a release of the mortgage. Mere change of the form of the evidence of the debt in nowise affects the lien. A renewal of the note, its reduction to a judgment, or other change, not intended to operate as a discharge of the lien, still leaves it, as between the parties, in full vigor. This is a rule in equity that is sanctioned by many adjudged cases. In that forum, mere form is disregarded, and the substance only is considered. The cases of *Hamilton v. Quimby,* 46 Ill. 91, *Wayman v. Cochrane,* 35 Ill. 155, *Elliott v. Blair,* 47 Ill. 343; and *Rogers v. Trustees of Schools,* 46 Ill. 428, illustrate the rule."

In the case of *Darst v. Bates,* 95 Ill. 493, the Supreme Court upon this question said the following:

"Where a mortgage is given to secure the payment of a debt, and the debt becomes merged in a judgment, the mortgage stands as security for the judgment. *Wayman et ux. v. Cochrane,* 35 Ill. 152. See also *Rogers v. Trustees, etc.,* 46 Ill. 428; *Hamilton v. Quimby et al.,* id. 90; *Flower v. Elwood,* 66 id. 438; *Worcester National Bank v. Cheeney,* 87 id. 602."

For the reasons stated in this opinion the court erred in entering a decree granting a permanent injunction restraining the plaintiff from maintaining her suit. The decree is accordingly reversed.

*Decree reversed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.