George Benson, Appellee, v. Charles L. Schwerin, Appellant.

Gen. No. 38,366.

Opinion filed April 22, 1936. Rehearing denied May 5, 1936.

CLARENCE A. TOOLEN and MAX C. LISS, both of Chicago, for appellant.

SCHWARTZ & COOPER, of Chicago, for appellee.

Mr. Presiding Justice Hall delivered the opinion of the court.

This is an appeal by defendant from a judgment of the municipal court of Chicago against him for the sum of $20,174.15, and costs of suit. The action is based on a number of bonds executed by defendant and secured by a mortgage trust deed on real estate. The judgment includes interest to the date of its entry. No question is raised as to the amount of the judgment.

The principal defense urged at the trial, and the principal ground for reversal urged here, is that because of certain provisions contained in the bonds and trust deed given as security therefor, plaintiff is barred from maintaining an action at law to recover on the bonds. Each of the bonds contains an unconditional promise to pay the bearer $1,000, with interest, and each bond contains the following provision:

"For a more particular description of the covenants of the mortgagors as well as a description of the mortgaged property and the nature and extent of the security, the rights of the holders of the bonds and the terms and conditions upon which the bonds are issued and secured, and the method of payment thereof, reference is made to said trust deed.

"This bond is issued and accepted by the holder hereof, subject to redemption before maturity on any interest payment date by payment of the full amount of the principal hereof and all interest accrued hereon at the said date of redemption, together with a premium of three per cent upon said principal upon sixty (60) days' notice in the manner and upon the terms set forth in said trust deed.

"This bond shall pass by delivery, unless registered . . . but the coupons hereto attached shall always be transferable by delivery merely.

. . . . .

"Said trust deed and this bond, as well as all of the other bonds aforesaid, and the interest coupons attached thereto are to be taken and considered together as parts of one and the same contract, and this bond and each coupon hereto attached are subject to all the provisions of said trust deed, to the same extent as if said trust deed were herein fully set forth.

"In case of default in the payment of interest or of principal of any of said bonds, or in case of default in the performance of any. of the covenants or conditions in said trust deed, the principal of this bond may become due and payable before its regular maturity, together with the interest accrued thereon, as provided in said trust deed."

The trust deed given to secure these bonds contains the following:

"Section 6, Article 10: Every holder of any of the bonds hereby secured (including pledges) accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity, upon or under this indenture, is vested exclusively in the trustee and under no circumstances shall the holder of any bonds or coupons or any number or combination of such holders have any right to institute any action at law upon any bond or bonds or upon any coupon or coupons or otherwise or any suit or proceeding in equity or otherwise, except in case of refusal on the part of the trustee to perform any duty imposed upon it by this indenture after request in writing by the holder or holders of at least ten percent in amount of said bonds, as aforesaid. No action at law or in equity shall be brought by or on behalf of the holder or holders of any bonds or coupons whether or not the same be past due, except by the trustee or by the requisite number of bondholders acting in concert under the provisions of this section for the benefit of all bondholders."

The case of *Oswianza v. Wengler & Mandell,* 358 Ill. 302, is cited as authority for defendant's contention. In that case, as here, suit was brought on the bonds which were secured by a mortgage trust deed, and the same defense urged as is urged here. The action, as here, was brought in the municipal court of Chicago, where a judgment was entered on the bonds, and an appeal was taken to the Appellate Court, First District, where the judgment was affirmed. The judgment was reviewed by writ of error in the Supreme Court, and the judgment of the Appellate Court was affirmed. In that case, the bonds sued on contained the following provision:

"For a description of the mortgaged property and the nature and extent of the security, reference is made to said trust deed, to all of the provisions of which this bond and each coupon hereto attached are subject, to the same effect as if said trust deed were herein fully set forth."

Also, it contains the following clause:

"Said trust deed and this bond, as well as all the other bonds aforesaid, are to be taken and considered together as parts of one and the same contract."

Here, one of the provisions in the bond is as follows:

"For a more particular description of the covenants of the mortgagors, as well as a description of the mortgaged property and the nature and extent of the security, the rights of the holders of the bonds and the terms and conditions upon which the bonds are issued and secured and the method of payment thereof, reference is made to said trust deed."

In that case, as here, the provision in the trust deed is as follows:

"Every holder of any of the bonds hereby secured (including pledgees) accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity, upon or under

this indenture, is vested exclusively in the trustee, and under no circumstances shall the holder of any bond or coupon, or any number or combination of such holders, have any right to institute any action at law upon any bond or bonds or any coupon or coupons or otherwise, or any suit or proceeding in equity or otherwise, except in case of refusal on the part of the trustee to perform any duty imposed upon it by this indenture after request in writing by the holder or holders of at least twenty-five per cent (25%), in amount, of said bonds as aforesaid, and such refusal of the trustee shall continue for sixty (60) days after such demand as aforesaid. No action at law or in equity shall be brought by or on behalf of the holder or holders of any bonds or coupons, whether or not the same be past due, except by the trustee or by the requisite number of bondholders acting in concert under the provisions of this section for the benefit of all bondholders.''

The provisions of the bonds and trust deed in that case are to all intents and purposes, the same as the provisions of the bonds and mortgage in the instant case, and in its opinion, the court said:

''Counsel for plaintiff in error argue that it is contrary to public policy to nullify the restrictive language of the trust deed and thereby encourage a multiplicity of suits. The questions arising in this case are primarily questions of contract. The importance of bonds of this character as commercial paper requires that limitation on the right to sue, appearing in another instrument, be so clearly referred to in the bond that the purchaser of the bond will not be deceived but will be notified that he is to look further to know his rights as a bondholder. If a principle of public policy be invoked, it is quite important that in the traffic of bonds the prospective purchaser thereof know from the bond what search of the trust deed or mortgage is necessary in order to learn his rights. . . .

"It will be seen that the language in the notes or bonds in the cases cited was such as to clearly bring within the terms of such instruments the provisions of the trust deed or agreement affecting or limiting the right to sue. The bonds before us do not contain such extended words of reference, and though it be argued that it is for the benefit of all bondholders that a multiplicity of suits be avoided, yet if the common law rights of the holder are to be limited it must be done by appropriate reference in the bond to the provisions of the trust deed or mortgage, that he may have warning that his right to sue in case of default is limited by something not appearing in the bond itself. Here the reference is limited to the description, nature and extent of security. The language subjecting the bond to 'all of the provisions' of the trust deed must be held to relate to the provisions concerning the security and the rights of bondholders thereunder. The description of the property and the security constitute the subject matter of the clause, and to hold that a provision of the trust deed limiting the right to sue at law was thus included by reference is to bind the bondholder by stipulation of the trust deed, of which the bond gave him no warning or notice.

"Regardless of the question whether these bonds are negotiable, the issue is resolved into the simple proposition whether there is in the bond, language which fairly includes by reference the no-action clause of the trust deed. We are of the opinion there is not."

It is further urged by defendant in their brief that "the consideration for the bonds of plaintiff was illegal and against the public policy of the State."

In the affidavit of merits filed in the municipal court of Chicago, defendant alleges that at the time of the execution of the bonds in question, the Buildings Development Company, a corporation, was the actual owner of the real estate described in the trust deed;

that this corporation had made an application for a loan for the purpose of constructing a building upon the premises in question, and that at the time of the making of such application for a loan, the title to the premises described in the trust deed was held by two individuals, who held title for the use and benefit of the Buildings Development Company; that the title to the real estate described was caused to be conveyed to the defendant so that he might hold the title for the use and benefit of the Buildings Development Company, and that in doing so, and in signing the mortgage trust deed and bonds in question, he was acting as agent for the Buildings Development Company, and that the whole transaction was a scheme entered into for the purpose of circumventing the law. The point is made that, because the Buildings Development Company was not organized as a building corporation under the State of Illinois, therefore, the whole transaction was void and against public policy, and defendant cannot be made to respond to his promises to pay these bonds.

Counsel for defendant cites a number of cases in support of his contention, but none of them is in point. From all that appears in the record, the plaintiff is the holder of negotiable bonds, signed by defendant and payable to bearer.

The Negotiable Instruments Act, Cahill's Illinois Revised Statutes, 1933, ch. 98, ¶ 44, provides that:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

Paragraph 46 of said act provides that:

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

There is no suggestion made here that any fraud was used in connection with the execution or sale of the bonds.

From anything appearing to the contrary, plaintiff was the holder in due course, and we are of the opinion that both the defenses urged are without merit. The judgment of the municipal court is affirmed.

*Affirmed.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.