(Nos. 55956, 55966 cons.—

PROVIDENT FEDERAL SAVINGS AND LOAN ASSO-CIATION, Appellee, v. REALTY CENTRE, LTD., *et al.*, Appellants.

*Opinion filed May 27, 1983.—Rehearing denied September 30, 1983.*

Rudolph J. Westphal, of Peoria, for appellant Realty Centre, Ltd.

O'Hern, Wombacher & Moon, of Peoria (Randall W. Moon, of counsel), for appellants Alan J. Campbell, G. Rodger Moon and Roland D. Wilken.

Sweat, Sweat & Hasselberg, of Peoria (Eric E. Hasselberg, of counsel), for appellee.

James M. Winning, of Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, P.C., of Springfield, for *amicus curiae* Illinois Savings and Loan League.

JUSTICE WARD delivered the opinion of the court:

This appeal concerns the enforceability of due-on-sale provisions in mortgages held by federally chartered savings and loan associations. The circuit court of Peoria County dismissed a complaint for foreclosure of mortgage that had been filed by Provident Federal Savings and Loan Association (Provident), a federally chartered association. The dismissal was on two grounds. First, the court judged that the due-on-sale clause Provident was seeking to enforce was an unreasonable restraint upon alienation of real property. Second, the court judged that the claimed notice to subsequent purchasers through the incorporation clause in the mortgage was insufficient to permit the enforcement of the clause. The appellate court reversed and remanded. (101 Ill. App. 3d 277.) We granted petitions for leave to appeal filed by Realty Centre Ltd. (the mortgagor), and by individuals with whom Realty Centre had contracted for conveyance of the property secured by the mortgage. 73 Ill. 2d R. 315.

Realty Centre executed the promissory note for $375,000 in favor of Provident in December 1975. The note provided for interest at the rate of 10%, and under it Realty Centre promised to pay specified monthly installments. The note recited that it was secured by a mortgage "bearing even date herewith" on a certain commercial building in Peoria. The note also contained this provision:

> "The terms and conditions under which this loan is made are predicated on the continued ownership by the undersigned [Realty Centre] of the real estate set forth in said mortgage and in the event the undersigned's interest in said real estate is transferred without the consent of the Association [Provident], the Association may increase the interest rate to eight per centum (8%) [*sic*] per annum or declare the entire unpaid balance of this note due, or both, by giving the undersigned written notice. All of the terms and conditions of said mortgage are hereby incorporated in and made a part of this note."

The mortgage bears a date in January 1976, rather than in December 1975, but it is not disputed that the mortgage is the one referred to in the note. The mortgage recited that it was to secure payment of the note, and it stated the amount of the indebtedness and the amount of the installments provided for in the note. The mortgage did not set out the language of the due-on-sale clause, but the mortgage did state that it was "[t]o secure performance of the other agreements in said note, which are hereby incorporated herein and made a part hereof ***." The mortgage stated, too, "It is understood that this mortgage and the note it secures, shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the respective parties hereto." The mortgage was recorded, but the note was not.

On January 1, 1980, without having requested the consent of Provident, Realty Centre entered into a contract with G. Rodger Moon, Ronald D. Wilken and Alan J. Campbell (purchasers) for the sale by warranty deed of the building involved here. The purchasers took possession of the building on January 10, 1980. The contract itself was not recorded, but a document described as a memorandum of agreement for warranty deed was recorded.

Provident subsequently notified Realty Centre that it was invoking the due-on-sale condition in the note and mortgage because of the transaction and that the balance of the loan was immediately due. Realty Centre denied that this was the effect of its agreement with the purchasers. It asked for Provident's approval of the contract sale, claiming that the purchasers were financially secure people. Provident did not consent and filed the complaint for foreclosure.

As stated above, the appellate court reversed the circuit court's dismissal of the complaint. The appellate court noted that there are jurisdictions in which it has been held that due-on-sale clauses are unenforceable as unreasonable

restraints on alienation, when enforcement is sought solely for the purpose of obtaining a higher rate of interest. (*E.g., Patton v. First Federal Savings & Loan Association* (1978), 118 Ariz. 473, 578 P.2d 152; *Wellenkamp v. Bank of America* (1978), 21 Cal. 3d 943, 582 P.2d 970, 148 Cal. Rptr. 379.) The court, however, held that the circuit court was in error for refusing to enforce the clause because of the holding in *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119. This court in *Baker* upheld a due-on-sale clause as a reasonable restraint on the ground of the lender's need to protect its security.

Realty Centre and the purchasers urge us to reverse the appellate court and hold that *Baker* is inapplicable. They say that Provident's real purpose in seeking to enforce the clause is not to protect its security but to enable it to secure a higher rate of interest on its loan than was originally agreed to by it and Realty Centre. Use of the clause for this purpose, they assert, does render it an unreasonable restraint.

We do not reach the question of the validity of this contention because in *Fidelity Federal Savings & Loan Association v. de la Cuesta* (1982), 458 U.S. 141, 73 L. Ed. 2d 664, 102 S. Ct. 3014, the Supreme Court held that Federal regulations authorizing due-on-sale clauses in loan contracts of Federal savings and loan associations preempt any contrary State limitations on such clauses. Under *Fidelity*, a State court cannot refuse to enforce a due-on-sale clause in an action brought by a federally chartered savings and loan association, such as Provident is, on the ground that it is an unreasonable restraint on alienation.

The contention of the purchasers and Realty Centre that *Fidelity* is inapplicable because the Federal banking regulations authorizing due-on-sale clauses, on which the *Fidelity* decision was grounded, became effective after the note and the mortgage here were executed must be rejected.

The *Fidelity* decision itself settled that question. Similarly, two of the deeds in trust involved in *Fidelity* were executed prior to the effective date of the regulations. Subsequent to the promulgation of the regulations, the State court limited the enforcement of due-on-sale clauses. (*Wellenkamp v. Bank of America* (1978), 21 Cal. 3d 943, 582 P.2d 970, 148 Cal. Rptr. 379.) Notwithstanding, the Supreme Court held that the State court's restrictions could not obstruct the enforcement of the clauses. The Supreme Court said that, because there was no restriction upon such clauses under State law when the deeds in trust were executed, the Federal regulations simply reinforced the rights of the lender to enforce the clauses. The regulations operated to make the State court's subsequent restrictions ineffective. (*Fidelity Federal Savings & Loan Association v. de la Cuesta* (1982), 458 U.S. 141, 170-71 n.24, 73 L.Ed. 2d 664, 686 n.24, 102 S. Ct. 3014, 3031 n.24.) The same reasoning would apply here, as such clauses were fully enforceable under the law of this State when the note and mortgage were executed. See *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119.

A further contention of the purchasers and Realty Centre is that the due-on-sale clause here nevertheless is unenforceable in a foreclosure action, because the clause appears in the note, but not on the face of the mortgage. The appellate court judged that the language in the mortgage we have quoted above, which generally incorporates all of the agreements in the note, was sufficient to give constructive notice of the clause to subsequent purchasers. The appellate court stated that " '[i]t is generally conceded that an acceleration clause in a note or bond permits the acceleration of the mortgage although there is no acceleration provision in the mortgage.' " 101 Ill. App. 3d 277, 281, quoting 55 Am. Jur. 2d *Mortgages* sec. 379 (1971).

Realty Centre and the purchasers acknowledge that as a general proposition an instrument may incorporate all or

part of another instrument by reference. And, referring to statutes for the recording of real property interests, they do not appear to dispute that when a purchaser has notice of facts sufficient to put a reasonable man on inquiry, the purchaser is charged with notice of all of the facts he could have discovered by a diligent inquiry. (*Smith v. Grubb* (1949), 402 Ill. 451, 464-65; *German-American National Bank v. Martin* (1917), 277 Ill. 629, 649; *Burnex Oil Co. v. Floyd* (1969), 106 Ill. App. 2d 16, 23-24.) They contend, nevertheless, that in this State there is a special exception to the foregoing which is applicable here, and that exception will not permit the incorporation of an agreement described in a note into the mortgage simply by a provision in the mortgage generally incorporating all of the terms of the note. Instead, they say, the due-on-sale clause must be set out in specific terms in the mortgage.

The argument that some special rule of incorporation should be applied here is not convincing. Cases are cited where notes and mortgages were treated as separate undertakings though they were executed simultaneously, and in them the courts narrowly construed provisions in notes, despite claims that terms in the mortgage had been incorporated by reference into the notes. (*Conerty v. Richtsteig* (1942), 379 Ill. 360; *Oswianza v. Wengler & Mandell, Inc.* (1934), 358 Ill. 302; *2140 Lincoln Park West v. American National Bank & Trust Co.* (1980), 88 Ill. App. 3d 660; *Mortgage Syndicate, Inc. v. Do & Go Equipment, Inc.* (1972), 7 Ill. App. 3d 106.) In none of the cited decisions was it held that the terms of a note may not be incorporated into a mortgage as was done here. The reasoning in *Oswianza,* the principal case in the decisions cited by Realty Centre and the purchasers, was that the negotiability of notes has to be preserved and that their negotiability should not be limited by other and differing obligations expressed in collateral documents. No similar question appears here. In none of the decisions, moreover, was there a

clause, such as the one here, clearly and affirmatively incorporating all of the agreements of the other instrument.

The purchasers and Realty Centre make several other contentions. They say that the agreements in the note were not properly incorporated into the mortgage because of the discrepancy between the dates in the mortgage and in the note. Too, they contend that the mortgage fails to specify the indebtedness and that this is a violation of section 11 of "An Act concerning conveyances" (Ill. Rev. Stat. 1979, ch. 30, par. 10). They also suggest that the clause may be unenforceable because of certain equitable defenses applicable in mortgage-forfeiture actions. They argue too that the contract for deed was not a conveyance or "sale" of Realty Centre's "interest," and thus the due-on-sale clause was never operative.

Only the last of these contentions was presented in the trial court, but neither it nor the other points was a ground relied on in the dismissal of the complaint. None of them were mentioned by the appellate court. Upon the remand to the trial court, there will be an opportunity to raise these issues.

For the reasons given, the judgment of the appellate court, which reversed the judgment of the circuit court and remanded the cause to the trial court for further proceedings, is affirmed.

*Judgment affirmed.*