SECOND DIVISION
FEBRUARY 1, 2011

No. 1-10-0855

| | | |
|---|---|---|
| UNIFUND CCR PARTNERS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 08 M1 162091 |
| | ) | |
| MOHAMMAD SHAH, | ) | Honorable |
| | ) | Dennis McGuire, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Presiding Justice Cunningham and Justice Karnezis concurred in the judgment and opinion.

## OPINION

This appeal presents two certified questions. First, under section 8b of the Collection Agency Act (225 ILCS 425/8b (West 2008)), can a collection agency establish an assignment of accounts receivable for collection purposes through documents attached as exhibits to a complaint, where the identification of the accounts transferred, the consideration paid, and the effective date of the transfer of particular accounts are in multiple incorporated documents or affidavits? Second, does a collection agency have standing to sue under section 2-403 of the Code of Civil Procedure (735 ILCS 5/2-403 (West 2008)), where that agency pleads and proves that it has legal title to accounts receivable assigned "for collection purposes only"? We answer the first question in the affirmative with qualifications, and the second question in the affirmative.

## I. BACKGROUND

We limit our recitation of the underlying facts of this case to only those that are

necessary for a full discussion of the certified questions. The issues presented by the certified questions arose in the context of a motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)), so for the purpose our discussion of the certified questions we will rely on facts alleged in the complaint and its attached affidavits. See *Coady v. Harpo, Inc.*, 308 Ill. App. 3d 153, 158-59 (1999).

In 1996, defendant Mohammad Shah opened a credit card account with Citibank (South Dakota) N.A. Over the next nine years defendant ran up a significant balance on the account, eventually totaling close to $16,000. Defendant allegedly failed to make monthly payments on the debt as required by his account contract with Citibank and he eventually fell into default. Rather than personally collect the debt, however, Citibank chose to sell its interest in defendant's account to a third party. This decision began the series of transactions that are at issue in this case.

According to the complaint, Citibank sold defendant's account to a company called Unifund Portfolio A, L.L.C., on October 3, 2006. On that same day, Portfolio A sold the account to Cliffs Portfolio Acquisition I, L.L.C. On May 28, 2003, Cliffs Portfolio assigned its legal interest in the account to Palisades Collection, L.L.C., in order to enable Palisades to collect on the account. However, Cliffs Portfolio purported to retain an equitable interest in the debt itself. Finally, on that same day Palisades assigned its interest in the account to the plaintiff in this case, Unifund CCR Partners. Simply put, the complaint alleges that legal title to defendant's account passed from the original creditor to plaintiff through a series of intermediate transactions. The complaint alleges that plaintiff now holds sufficient title to the account in

2

No. 1-10-0855

order for it to bring suit against defendant and collect the debt.

Plaintiff's complaint was dismissed three times for failure to adequately allege and support the chain of title that is described above, and it was not until plaintiff filed its third amended complaint that the sequence of alleged transactions became clear. In support of the allegations on the face of the complaint, plaintiff attached the affidavit of Bobby Carnes, an employee of plaintiff, in which Carnes explained the series of transactions. Carnes further testified that he had reviewed plaintiff's internal records related to defendant's account, which allegedly demonstrated that legal title to the account had been transferred to plaintiff for collection purposes. Carnes attached a number of documents to his affidavit that purported to be contracts of sale and assignment for defendant's account along with other incorporated agreements.

Defendant again moved to dismiss the complaint, arguing that the purported assignments of his account were inadequate under section 8b of the Collection Agency Act (225 ILCS 425/8b (West 2008)). Defendant asserted that the assignments were invalid because crucial information was scattered over multiple documents. In essence, defendant argued that the assignments failed to satisfy section 8b because the account information, consideration paid, and effective date of assignment were not contained in a single document.

After full briefing and oral argument, the circuit court denied defendant's motion to dismiss. However, the circuit court acknowledged that the law in this area is unclear. At the request of both parties, the circuit court certified two questions for our review under Illinois Supreme Court Rule 308 (eff. Feb. 1, 1994). We granted defendant's petition for leave to appeal,

3

No. 1-10-0855

and this case is now before us.

## II. ANALYSIS

The certified questions present two separate but related issues. First, can a plaintiff properly plead the existence of an assignment under section 8b of the Collection Agency Act (225 ILCS 425/8b (West 2008)) through multiple documents attached to the complaint, or must the assignment be evidenced by a single document? Second, does an assignee for collection only of a debt have standing to sue in its own name?

Because this appeal is before us pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 1, 1994), our analysis is "strictly limited to the certified question[s] presented to the court." *Long v. Elborno*, 397 Ill. App. 3d 982, 988 (2010). We review *de novo* the questions of law presented. See *id.* " ' "Our task is to answer the certified questions rather than to rule on the propriety of any underlying order." ' [Citation.]" *Id.* (quoting *Giangiulio v. Ingalls Memorial Hospital*, 365 Ill. App. 3d 823, 829 (2006)).

### A. Standing to File Suit as Assignee for Collection Only

We will address the question of standing first because if an assignee of a debt for collection only has no standing to bring suit in its own name, then the question of how it must plead or establish such an assignment is irrelevant.

Standing is the requirement that a lawsuit cannot commence unless a plaintiff has " ' "some injury in fact to a legally recognized interest." ' [Citation.] " *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 280 (1989) (quoting *In re Estate of Burgeson*, 125 Ill. 2d 477, 486 (1988)). As our supreme court has summarized, "The purpose of the doctrine of standing is to ensure that

4

courts are deciding actual, specific controversies, and not abstract questions or moot issues. [Citation.] The primary focus of standing is that a party have a real interest in the action and in its outcome. [Citation.] Although standing is designed to preclude persons having no interest in a controversy from bringing suit, it should not preclude a valid suit from being litigated. [Citation.] *** In deciding whether a party has standing, a court must look at the party to see if he or she will be benefitted by the relief granted. [Citation.]" *Id.* at 279-80.

Illinois courts have not yet explicitly held that an assignee for collection has standing to bring a suit in its own name in order to collect a debt that is owned by a party who retains beneficial ownership. The case closest to a holding on this point is *Kennedy v. Deere & Co.*, 142 Ill. App. 3d 781, 785 (1986). However, *Kennedy* only stated in passing and without reference to Illinois precedent that "[u]nder Federal common law, no less than the law of this State, an assignee for collection may sue as the real party in interest." *Id.* (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2d. Cir. 1966)); accord *Village of Westville v. Loitz Brothers Construction Co.*, 165 Ill. App. 3d 338, 339-40 (1988). Given the lack of a clear holding on this issue, we will address it as a question of first impression.

When interpreting a statute, we "ascertain and give effect to the overall intent of the drafters." *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 458 (2002). Where two or more statutes relate to the same subject, they are "to be read harmoniously so that no provisions are rendered inoperative." *Id.* at 458-59. Importantly for our resolution of this certified question, "[i]t is also a fundamental rule of statutory construction that where there exists a general statutory provision and a specific statutory provision, either in the same or in another act, both

relating to the same subject, the specific provision controls and should be applied." *Id.* at 459.

Regarding the subject of assignment and bringing suit in a collection agency's own name, there are two controlling statutes. The first statute is found in the Code of Civil Procedure (735 ILCS 5/1-101 *et seq.* (West 2008)). Section 2-403 states:

> "The assignee and owner of a non-negotiable chose in action may sue thereon in
> his or her own name. Such a person shall in his or her pleading under oath allege
> that he or she is the actual bona fide owner thereof, and set forth how and when
> he or she acquired title." 735 ILCS 5/2-403 (West 2008).

A chose in action is a "proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort." Black's Law Dictionary 234 (7th ed. 1999). Choses in action like plaintiff's debt in this case are assignable. See *Loyola University Medical Center v. Med Care HMO*, 180 Ill. App. 3d 471, 478 (1989) (citing *Ginsberg v. Bull Dog Auto Fire Insurance Ass'n*, 328 Ill. 571, 573 (1928)). Although Illinois cases have not explicitly addressed this issue, long-standing modern practice in other jurisdictions allows the owner of a debt to transfer the entire chose in action outright to a third party, retaining no ownership interest in it, or to transfer only the owner's legal interest in the action, retaining an equitable or beneficial interest. See *Rosenblum v. Dingfelder*, 111 F.2d 406, 407 (2d Cir. 1940) (discussing standing of assignees in federal practice). In the context of a debt, this type of partial assignment means that the owner of the debt transfers its right to bring a legal action for collection of the debt to a third party in exchange for some consideration, but retains the right to receive the amount owed when it is collected. See, *e.g.*, *Titus v. Wallick*, 306 U.S. 282, 289

(1939) (discussing an assignment for collection under New York state law).

The second statute is found in the Collection Agency Act (225 ILCS 425/1 *et seq.* (West 2008)). Section 8b states that "[a]n account may be assigned to a collection agency *** to enable collection of the account in the agency's name as assignee for the creditor." 225 ILCS 425/8b (West 2008).

When the two statutes are read together, it is apparent that an assignee for collection has standing to bring suit in its own name in order to collect a debt. Although section 2-403 of the Code of Civil Procedure appears to limit standing to a party who is "assignee and owner " of a debt (735 ILCS 5/2-403 (West 2008)), the explicit terms of section 8b of the Collection Agency Act demonstrate that section 2-403 encompasses not only assignees who take complete ownership of an account but also those who merely take legal title for the purpose of collecting the debt while the creditor retains the beneficial interest and equitable title.

Based on the plain language of the statutes, we answer the second certified question in the affirmative and hold that a collection agency has standing to sue under section 2-403 of the Code of Civil Procedure (735 ILCS 5/2-403 (West 2008)), where that agency pleads and proves that it has legal title to accounts receivable assigned "for collection purposes only."

### B. Requirements for Pleading Assignment Under Section 8b

Of course, section 2-403 of the Code of Civil Procedure only grants plaintiff in this case the right to file suit in its own name in order to collect a debt. In order to state a claim to the debt, plaintiff must still plead and establish that it is an assignee of the original creditor. See 225 ILCS 425/8b(e) (West 2008) (barring litigation in a collection agency's name in order to collect a

debt unless the agency is an assignee).  We will now examine the first certified question, which deals with the requirements for pleading such an assignment.

Under section 8b of the Collection Agency Act, a collection agency can bring suit to collect on a debtor's account only when "[t]he assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency."  225 ILCS 425/8b(a) (West 2008).  Crucially, the Collection Agency Act mandates that "[t]he document manifesting the assignment shall specifically state and include: (i) the effective date of the assignment; and (ii) the consideration for the assignment."  *Id.*  The certified question raises two issues regarding this section.  First, does this section mean that the assignment must be manifested by only a single document or may it consist of multiple incorporated documents?  Second, if the assignment can be manifested by multiple incorporated documents, what must those documents consist of in order to satisfy section 8b?

As we have already noted, our overarching goal in construing a statute is to "ascertain and give effect to the overall intent of the drafters."  *Knolls Condominium Ass'n*, 202 Ill. 2d at 458.  "The best evidence of legislative intent is the language of the statute, and when possible, the court should interpret the language of a statute according to its plain and ordinary meaning."  *In re Donald A.G.*, 221 Ill. 2d 234, 246 (2006).  However, "[w]e do not construe words and phrases of a statute in isolation; instead, all provisions of a statute are viewed as a whole."  *Id.*  We need not accept the literal meaning of the statute if it would produce an absurd result.  See *id.*

Regarding the first issue, the key phrases in section 8b are "assignment manifested by a

8

written agreement" and "document manifesting the assignment." A strictly literal reading of the term "document" would indicate that the assignment can be manifested by only a single physical document. See Black's Law Dictionary 498 (7th ed. 1999). However, this interpretation is inconsistent with the term "written agreement," which is a significantly broader term and refers to the parties' entire bargain in written form. See *id.* at 67. When the two phrases are read together, they imply that the assignment of the account must be manifested by a legal document in the formal sense, that is, by a written contract of assignment. This reading is consistent with the fact that assignments are governed by contract law. See *Cincinnati Insurance Co. v. American Hardware Manufacturers Ass'n*, 387 Ill. App. 3d 85, 99 (2008). We therefore read section 8b to mean that the assignment of an account to a collection agency must be manifested in a written contract that is completely separate from any contract to list the account with the collection agency.

It is a fundamental principal of contract law that "an instrument may incorporate all or part of another instrument by reference." *Provident Federal Savings & Loan Ass'n v. Realty Centre, Ltd.*, 97 Ill. 2d 187, 192-93 (1983). However, the reference must demonstrate "an intention to incorporate the document and make it part of the contract." *Arneson v. Board of Trustees*, 210 Ill. App. 3d 844, 849-50 (1991). Applying this principle here, if an assignment under section 8b must be manifested by a written contract, it then follows that the terms of the assignment may be found in either the contract of assignment itself or in any other document incorporated by reference. This resolves the first issue presented by the certified question, and we hold that an assignment under section 8b can be established through multiple documents that

No. 1-10-0855

are incorporated by reference into the contract of assignment.

This is not the end of the discussion, however, because the certified question also asks whether documents such as those attached to the complaint in this case satisfy section 8b's requirements. Before discussing this point, we emphasize that we take no position on whether these particular documents are sufficient to prove an assignment under section 8b for the purposes of stating a claim. That is a matter for the circuit court to determine and is not properly before us on this appeal. See *Long*, 397 Ill. App. 3d at 988. However, in the interest of fully answering the certified question, we will use several of these documents as examples for our discussion of section 8b's requirements.

In order for a plaintiff to properly plead and establish an assignment of an account, section 8b requires that the contract of assignment "specifically state and include" both the effective date of the assignment and the consideration given for the assignment. 225 ILCS 425/8b(a) (West 2008). Implicit in the statute is a third requirement that the contract of assignment specifically state the relevant identifying information for the account that is being assigned. See 225 ILCS 425/8b (West 2008).

We previously addressed section 8b's first two requirements in *Business Services Bureau, Inc. v. Webster*, 298 Ill. App. 3d 257 (1998). In *Webster*, we found that a purported assignment failed to specifically state the effective date of assignment because it contained two different dates, and that it also failed to specifically state the consideration given because the consideration was described only vaguely as " 'an agreed to percentage of the amount collected.' " *Id.* at 259. Our interpretation of the requirements of section 8b was guided by the legislative

10

policy underlying the Collection Agency Act, which we summarized as demanding that "the terms of the assignment be open and precise to protect the consumer from repetitive litigation and debt collection abuse." *Id.* at 260; see also 225 ILCS 425/1a (West 2008) (identifying one of the Collection Agency Act's public policy objectives as "to protect consumers against debt collection and abuse").

With these requirements in mind, we will now discuss the documents that are attached to plaintiff's complaint. These documents fall into three broad categories that may be generally described as affidavits, contracts of assignment, and incorporated documents. We turn first to the Carnes affidavit, in which the affiant, an employee of plaintiff, states that he has "reviewed the electronic, computerized records of [defendant]" that are maintained by plaintiff. The affiant then testifies that defendant's account was assigned by the original creditor to Unifund Portfolio A, L.L.C., which then assigned it to Cliffs Portfolio Acquisition I, L.L.C.. The account was then further assigned to Palisades Collection L.L.C., which finally assigned the account to defendant. Attached to the affidavit are bills of sale and assignment that purport to represent these various assignments.

Plaintiff's use of the affidavit in support of its claim to defendant's account is problematic. Affidavits are " 'a substitute for testimony taken in open court' " (*Robidoux v. Oliphant*, 201 Ill. 2d 324, 338 (2002) (quoting *Fooden v. Board of Governors of State Colleges & Universities of Illinois*, 48 Ill. 2d 580, 587 (1971))), but this does not mean that they are also substitutes for formally executed contracts of assignment under the Collection Agency Act. Section 8b explicitly requires proof of an assignment that "satisfies the requirements of this

Section" (225 ILCS 425/8b(e) (West 2008)).  As we have already found, one of section 8b's requirements is that an assignment be proven by a written contract of assignment.  The plain language of the statute provides only a single method of proving the existence of an assignment, and this method does not include affidavits.  Given that "[t]he plain language of a statute is the most reliable indication of legislative intent" (*JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010)), the legislature did not intend to allow assignments to be proven by affidavit.

This conclusion is reinforced by the legislative statement that the Collection Agency Act is intended to "protect consumers against debt collection abuse."  225 ILCS 425/1a (West 2008).  Limiting the methods of proof of an assignment to only written contracts furthers this legislative policy because it requires collection agencies to clearly demonstrate that they and they alone are the proper parties for a debtor to be dealing with regarding their debt.  The possibility that debtors might be sued by a party who does not have a legal interest in their debt is a real danger (see, *e.g.*, *Randolph v. Crown Asset Management, LLC*, 254 F.R.D. 513 (N.D. Ill. 2008) (certifying a class of at least 341 potential plaintiffs in a class action lawsuit against a defendant who attempted to collect debts that it allegedly did not own)), and the legislature has chosen to address this problem by demanding strict proof of an account's chain of title before an action may commence to collect on that account.  As a result, although the affidavit that plaintiff attached to the complaint purports to demonstrate that defendant's account has been properly assigned to plaintiff, we construe section 8b to mean that affidavits such as this cannot be used by a collection agency to prove the assignment and state a claim to a debtor's account.

12

No. 1-10-0855

We next examine one of the contracts of assignment that are attached to plaintiff's complaint, along with its incorporated documents. The contract of assignment between the original creditor, Citibank, and the first assignee, Unifund Portfolio A, states in relevant part as follows:

"For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated October 3, 2006, between Buyer and the Bank (the 'Agreement'), the Bank does hereby *** assign *** to Buyer, and to Buyer's successors and assigns, good and marketable title to the Accounts described in Section 1.2 of the Agreement, free and clear of all encumbrances ***."

As we mentioned above, section 8b requires that a contract of assignment contain three elements in order to be valid: the date of assignment, the consideration paid, and the identifying information for the account. Here, the effective date is stated on the face of the contract and there do not appear to be any conflicting dates. Cf. *Webster*, 298 Ill. App. 3d at 259. In contrast, the consideration paid and the account information do not appear on the face of the contract of assignment, but are instead apparently in the incorporated purchase and sale agreement.

As we held above, incorporation by reference is acceptable under section 8b. However, the purchase and sale agreement is not attached to the complaint along with the contract of assignment. Without this document, we are unable to determine which accounts have been assigned by Citibank to Unifund Portfolio A, nor can we determine what consideration was paid. Plaintiff has included three pages that, according to the Carnes affidavit, are redacted portions of

13

the purchase and sale agreement. However, these pages each contain only a single line of information and are otherwise blank. One page includes defendant's name and some additional information, while his purported account number is on a completely separate page. The pages are neither numbered nor dated, nor do they have any other markings that indicate they are part of the purchase and sale agreement that the contract of assignment refers to. Moreover, there does not appear to be any term that states the consideration paid.

The record is silent as to whether plaintiff may have filed a copy of this particular document with the circuit court, although it does appear that some documents that are incorporated into other contracts of assignment were filed under seal in unredacted form. Based on the record before us, however, it does not appear that the assignment of defendant's account from Citibank to Unifund Portfolio A satisfies section 8b because it does not specifically state the consideration and the account.

It is, of course, for the circuit court to determine whether all of the documents that plaintiff has attached to its complaint in this case satisfy the requirements of section 8b, and we make no findings one way or the other on the subject. We reiterate, however, that section 8b requires each contract of assignment in the chain of title for the account, beginning with the original creditor and ending with the plaintiff, to specifically state and include the effective date of assignment, the consideration paid, and the identifying information for the account transferred.

In view of the above discussion, we answer the first certified question in the affirmative with qualifications. We hold that, under section 8b of the Collection Agency Act (225 ILCS

425/8b (West 2008)), a collection agency can establish an assignment of accounts receivable for collection purposes through documents attached as exhibits to the plaintiff's complaint where the identification of the accounts transferred, the consideration paid, and the effective date of the transfer of particular accounts are in multiple incorporated documents. However, such documents must be in the form of contracts of assignment or documents that are incorporated by reference into those contracts, rather than in the form of an affidavit.

### III. CONCLUSION

As explained above, we answer the first certified question in the affirmative with qualifications, and the second certified question in the affirmative.

Certified questions answered; cause remanded.